Davis, J.,
delivered the opinion of the court:
Claimant in this case was one of several sureties on the bond of a collector of internal revenue who defaulted and absconded. Suit was brought by the Government against the bondsmen, who plead in defense that a change in the duties of the collector made subsequent to the bond freed them from liability. Judgment against them was recovered, and upon execution and levy certain of the claimant’s property was sold and the major part of the proceeds turned into the Treasury. Suit being brought by him against some of the co-sureties, he recovered and was paid their share of the sum collected from him, which was about one-twelfth of the total j udgment against the bondsmen. Prior to the recovery by the claimant against the co-sureties the following statute had been enacted:
“That Joseph W. McCall, Young W. Allen, Wilburn H. Graves, Eli T. McGill, Priestley E. Parker, Henry McCall, and Jasper Bellew be, and they are hereby, released from all liability as sureties of the said Franklin Travis, as collector of internal revenue, whether the said liability may have been fixed by judgment orbe upon said bond executed by them on the ninth day of May, eighteen hundred and sixty-seven.” (21 Stat. L., 650.)
The action here proceeds upon the theory that this statute permits the claimant, in his own behalf and in behalf of the contributing sureties, to recover from the United States the money paid by him under execution. No rights against the Government exist other than those given by the special act and upon the construction of this act alone does this case turn. At the time of its passage the claimant had paid some $2,300, which sum, less some few hundred dollars absorbed by fees and ex *104 penses on the road from the marshal to the Treasury, is in the hands of the Government. Congress being in possession of all the facts, knowing that of a judgment for twenty-seven thousand odd dollars, something over $2,300 had been collected, while nearly $25,000 was still outstanding, passed the relief act without mention of the collected moneys and without any language having direct reference to them.
The controlling word of the statute is the word “released”; claimants are by it “ released ” from all liability as sureties of the collector, and they are “released” from that liability whether it be “ fixed by judgment” or whether it spring directly from the bond itself. A release is a setting free, a deliverance, a liberation, a relinquishment, a discharge; it is a word whose operative effect is from the present on, and it is without retroactive intent. * Had Congress wished to repay the very small portion of the judgment already collected, and now in the Treasury, what more easy than to have said so by an explicit direction that the money be refunded, or by the use of other apt language, indicating an intention to compensate the claimant for past hardship as well as to free him from continuing liability. Nothing tending to show such a purpose appears in the act; on the contrary, the operative word seems carefully selected, and it is one which wipes out the debt so far as it remains uncollected, but it is not one which authorizes a return of the money already collected. In effect, the statute directs a satisfaction of judgment after part payment.
Petition dismissed.